**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000501
06-MAR-2020
07:46 AM**

NO. CAAP-16-0000501

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CHRISTOPHER A. WEBSTER,
Plaintiff-Appellee,
v.
DAVID TIMKO AND DONNA DAUM TIMKO,
Defendants-Appellants


APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. RC-13-1-0335)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Hiraoka, JJ.)

Defendant-Appellant David Timko (**Timko**) appeals from
the Judgment entered by the District Court of the Fifth Circuit
(**District Court**)[1] on June 6, 2016.[2]

In this landlord-tenant dispute, Timko asserts the
District Court erred due to the following points of error: (1)
there was no duly executed inventory of the property (**Property**),
and thus, upon the termination of the lease, it should have been
presumed that the Property was in the same condition as when

---

[1] The Honorable Edmund D. Acoba presided.

[2] Timko's wife, Donna Daum Timko (**Mrs. Timko**), was also originally a
defendant in this case. However, the District Court filed an Order dismissing
the Complaint with prejudice as to Mrs. Timko on October 31, 2014. Thus, we
will refer only to David Timko as the defendant in this case.

Timko first took occupancy; (2) the wrong witness testified about the Shell Builders Proposal (**Shell Proposal**) that the District Court relied on for its award of structural damages, and the proposal was for work to improve the Property; (3) there was no direct evidence that Timko eliminated the swale on the Property; and (4) because the Judgment should be reduced, the attorney's fees awarded in favor of the Plaintiff-Appellee Christopher A. Webster (**Webster**) should also be reduced.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we affirm.

The Property at issue was purchased by Webster from Billy DeCosta (**DeCosta**), who then rented the Property for about eleven months, until approximately 2004. In approximately March 2004, Timko and his then-girlfriend, Jennifer Lewis (**Lewis**), began renting the Property. Neither Timko nor Lewis entered into a written rental agreement with Webster.

Lewis later moved out of the Property. Sometime after, Timko met Mrs. Timko, who moved into the Property in the summer of 2006. The Timkos did not enter into a written rental agreement with Webster at that time.

It appears that on February 1, 2009, Timko and Webster entered into a written rental agreement. It also appears that on that same date, Timko completed and signed a "Uniform Inventory Checklist" (**Uniform Inventory Checklist**), which documented the condition of the Property.[3]

The Timkos moved out of the Property on March 5, 2013.

Webster filed a Complaint for Assumpsit-Money Owed against Timko on May 20, 2013 for $23,000.00, claiming "damage to property, unpaid utilities, clean-up of property " (**Complaint**). In his Post Trial Brief, Webster requested damages for a higher

---

[3] Timko argues that his signature on both the rental agreement and Uniform Inventory Checklist was forged. However, Timko did not object when they were admitted into evidence.

amount of $33,066.86, consisting of:  $1,249.20 for unpaid rent, $602.01 for unpaid utilities, $6,200.00 for swale replacement, $6,465.00 for carpet replacement, $14,408.38 for structural repairs, $2,642.27 for miscellaneous repairs, $1,500.00 deferred rent.  Webster also requested an award of attorney's fees.

Timko filed a Counterclaim on September 10, 2013, seeking a judgment of $20,641.41 for moving expenses, attorney fees, damages, security deposit, property damage, and refund of water bills (**Counterclaim**).

After a bench trial, the District Court filed its Judgment in favor of Webster for a principal amount of $22,524.00, and attorney's fees of $5,631.00, for a total Judgment amount of $28,155.00.

**Point of error (1)**:  Timko first argues that, under Hawaii Revised Statutes (**HRS**) § 521-42(a) (2018), because there was no duly executed inventory of the Property, the Property should have been presumed to be in the same condition upon termination of the lease as when he first took occupancy.  Thus, Timko asserts he should not be responsible for purported damage to the Property.

Timko did not make this argument in the District Court. He only brings up HRS § 521-42(a) and his related argument for the first time on appeal.  "Legal issues not raised in the trial court are ordinarily deemed waived on appeal."  Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) (citation omitted).  Thus, Timko has waived the issue in his first point of error.

**Point of error (2)**:  Timko challenges the Shell Proposal which the District Court appears to have relied upon for its award of structural damages.[4]  Timko appears to challenge the admissibility of the Shell Proposal, and further argues that it included work to improve the Property, not just to repair it.

---

[4] It appears that the District Court relied on the Shell Proposal for its award of structural repairs because that proposal was for $14,408.38, and the District Court awarded $14,408.38 for structural repairs.

At trial, Robert Mark Rycewicz (**Rycewicz**), who was employed by Shell in 2013, testified in support of the Shell Proposal. Timko apparently contends that David Shell should have testified regarding the proposal because David Shell prepared the proposal. However, as Webster points out and Timko does not dispute, Timko is the party who offered the Shell Proposal into evidence. Further, Rycewicz testified that he was an estimator for Shell Builders, he physically walked through the Property with David Shell, he was the one who provided the actual estimate found in the proposal, and both he and David Shell went over the proposal together. Thus, Rycewicz had sufficient personal knowledge of the proposal to testify regarding its contents.

Timko also takes issue with the District Court's award for certain items in the Shell Proposal, arguing that the proposal includes items to improve the premises, not just repair damage caused by Timko. However, the nature and extent of damages caused by Timko was very much at issue in the bench trial, and Webster testified regarding the various types of damage he claims was caused by Timko. It is the province of the District Court, as the fact finder in this case, to assess the credibility of the witnesses and to weigh the evidence. LeMay v. Leander, 92 Hawai'i 614, 626, 994 P.2d 546, 558 (2000). Webster testified that he approached two companies, South Paw Construction and Shell Construction, to "fix" or to provide "remediation" for major problems with the property which Webster attributed to Timko. The Shell Proposal was the lower of the two estimates. We conclude there was sufficient evidence in the record for the District Court to find that the work in the Shell Proposal was necessary due to damage caused by Timko.

**Point of error (3):** Timko argues that there was only indirect testimony and thus inadequate evidence that a swale that was purportedly previously part of the Property was eliminated by Timko.

Although no one testified that they saw Timko himself eliminate the swale, the neighbor to the Property, Steve Macklin

4

(**Macklin**), DeCosta, and Webster testified that there was a swale on the Property when Timko occupied it, and Macklin and Wester testified that the swale was eliminated during Timko's occupancy. Webster testified further that he did not authorize the elimination of the swale.

Thus, again recognizing the province of the fact finder to determine credibility and weigh the evidence, there was substantial circumstantial evidence to support the award of damages for the elimination of the swale, and the District Court was not wrong when it awarded those damages.  LeMay, 92 Hawai'i at 626, 994 P.2d at 558.

**Point of error (4)**:  Finally, Timko argues that because the Judgment amount should be reduced, HRS § 607-14 (2016) requires that the award of attorney's fees be reduced to 25% of the lower judgment amount.  However, we conclude above that the District Court did not err in the amount awarded in the Judgment, and therefore the attorney's fee award need not be revised.

Therefore, we affirm the Judgment entered by the District Court of the Fifth Circuit on June 6, 2016.

DATED:  Honolulu, Hawai'i, March 6, 2020.

Chief Judge

On the briefs:

Mitchell S. Wong,
for Defendants-Appellants.

Associate Judge

Daniel G. Hempey,
(De Costa Hempey Meyers LLC)
for Plaintiff-Appellee.

Associate Judge